```
  X  FILED        ____ LODGED
 ____ RECEIVED    ____ COPY

      AUG 0 2 2000

   CLERK U S DISTRICT COURT
      DISTRICT OF ARIZONA
 BY_____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Michael Kielsky, )
      Petitioner, )
)
      v. )    CV 00-1343-PHX-EHC (VAM)
)
Judge Michael Morales, et al., )
      Respondents. )    **O R D E R**

Petitioner, presently confined in the Arizona State Prison Complex in Florence, Arizona, has filed with the Clerk of Court a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The $5.00 filing fee has been paid.

Petitioner alleges four grounds in support of his request for habeas corpus relief. However, it is not clear from the Petition whether Petitioner has fairly presented grounds three and four to the highest state court.[1]

A. **"Mixed" Petitions Must Be Dismissed.**

A prisoner attacking his state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. Rose,

---

[1]In Arizona, a petitioner who is not challenging a life sentence or capital sentence has exhausted his claims by fairly presenting them to the Arizona Court of Appeals. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999), *cert. denied*, 120 S.Ct.1996 (2000).

1   455 U.S. at 521-22.  Exhaustion requires that Petitioner's claims be fairly presented to the highest

2   state court to provide that court with an opportunity to rule on the merits of Petitioner's federal

3   claims.  Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021, 106

4   S.Ct. 3336, 92 L.Ed.2d 741 (1986); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir. 1986).

5   "To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct

6   appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule

7   32 [Arizona Rules of Criminal Procedure]."  Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

8   The failure to exhaust subjects the Petitioner to dismissal.  Gutierrez v. Griggs, 695 F.2d 1195 (9th

9   Cir. 1983).  Because it is not clear whether Petitioner has presented all of his grounds for relief to

10   the Arizona Court of Appeals, the Petition must be dismissed without prejudice.

11   **B. Dismissal of Petition Without Prejudice.**

12        Petitioner may dismiss the entire Petition without prejudice by choosing to take no further

13   action with respect to the Petition. If Petitioner fails to timely file an Amended Petition, the original

14   Petition and this action will be dismissed without prejudice to the merits of Petitioner's claims.  He

15   may then return to the state courts to exhaust any available state remedies and file a new petition

16   and cause of action when all of his claims are exhausted.

17        However, in doing so, Petitioner should be aware of the limitations provision of the Anti-

18   Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which amended 28 U.S.C. § 2244

19   to limit the time period within which a petition may be filed.[2]

20

21       [2]28 U.S.C. §2244(d) provides: "(1)  A 1-year period of limitation shall apply to an

22   application for a writ of habeas corpus by a person in custody pursuant to the judgment of a

23   State court.  The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

24   seeking such review; (B) the date on which the impediment to filing an application created by

25   State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the

26   constitutional right asserted was initially recognized by the Supreme Court, if the right has been

27   newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could

28   have discovered through the exercise of due diligence.

1   **C. Amendment to State Only Exhausted Claims.**

2   Alternatively, Petitioner may dismiss his unexhausted claims by filing an Amended Petition

3   that alleges only the exhausted claims.[3]  However, Petitioner should be aware that by amending or

4   resubmitting the Petition to present only exhausted claims, Petitioner will be presumed to have

5   deliberately waived his right to raise any constitutional errors or deprivations other than those he

6   alleges in the Amended Petition, and may be barred from presenting them in a successive petition.

7   28 U.S.C. § 2244(b)(2); see also, Rule 9(b), Rules Governing Section 2254 Cases (court may

8   dismiss successive petition as abuse of the writ for failure to assert grounds in prior petition);

9   McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (same).

10  **D. Failure to Name Custodians as Respondents.**

11  A petitioner for habeas corpus relief under § 2254 must name the state officer having

12  custody of him or her as a respondent.  Belgarde v. State of Montana, 123 F.3d 1210, 1212 (9th Cir.

13  1997) (citing Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994)).  The failure

14  to name as respondent Petitioner's custodian deprives the district court of personal jurisdiction.

15  Belgarde, 123 F.3d at 1212.  An applicant for a writ of habeas corpus who is serving a period of

16  supervised release must name as respondents "the particular probation or parole officer responsible

17  for supervising the applicant, **and** the official in charge of the parole or probation agency, or the

18  state correctional agency, as appropriate."  Rule 2, Rules Governing § 2254 Cases, Advisory

19  Committee Notes, Subdivision (b) (emphasis supplied).  Accordingly, in any Amended Petition,

20  Petitioner must name the proper respondents.

21  _____

22  (2) The time during which a properly filed application for state post-conviction or other

23  collateral review with respect to the pertinent judgment or claim is pending shall not be counted
    toward any period of limitation under this subsection."

24

25  [3]Properly exhausted claims are those which have been fairly presented to the state's highest
    court.  However, exhausted claims also include those claims which a state court has found to

26  be procedurally barred from further review, or for which no state court review is now available.
    If Petitioner alleges claims which have not been properly exhausted, he must allege that he has

27  not properly exhausted the claim and tell the Court whether or not state court review of the

28  claim is still available.

JDDL                                                3

1  **E. Rule 41 Cautionary Notice**.

2      Petitioner should take notice that if he fails to timely comply with every provision of this

3  order, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

4  See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992) (district court may dismiss action for failure

5  to comply with any order of the court).

6

7  **IT IS THEREFORE ORDERED:**

8      (1) That the Petition is dismissed with leave to amend. Petitioner shall have 30 days to

9  amend his Petition to state only exhausted claims. The Amended Petition must be retyped or

10  rewritten in its entirety on the form provided with this Order and may not incorporate any part of

11  the original Petition by reference. Any Amended Petition submitted by Petitioner should be clearly

12  designated as such on the face of the document;

13      (2) That the Clerk of Court is directed to enter dismissal of this action without prejudice and

14  without further notice to Petitioner, if Petitioner fails to file an Amended Petition within 30 days

15  of the date this Order is filed;

16      (3) That at all times during the pendency of this action, Plaintiff shall immediately advise

17  the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE

18  OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change

19  of address and its effective date. The notice shall not include any motions for any other relief.

20  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure

21  to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

22      (4) That aside from the required copies of the habeas petition, a clear, legible copy of every

23  pleading or other document filed shall accompany each original pleading or other document filed

24  with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See

25  Rule 1.9(f), Rules of Practice of the U.S. District Court for the District of Arizona. Failure to

26  comply with this requirement may result in the pleading or document being stricken without further

27  notice to Petitioner; and

28  * * *

JDDL                                               **4**

1          (5) That the Clerk of Court is directed to provide to Petitioner a form for filing a petition for

2    writ of habeas corpus pursuant to 28 U.S.C. § 2254.

3

4          DATED this _____ 1st day of _____ August _____, 2000.

5

6                                      _____

7                                      Earl H. Carroll
                                       United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INFORMATION AND INSTRUCTIONS FOR FILING A PETITION FOR
WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
PURSUANT TO 28 U.S.C. § 2254 IN THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF ARIZONA**

## I. General Information About the Habeas Corpus Form:

A. The Form. The petition for writ of habeas corpus by a person in state custody form is designed to help prisoners prepare a petition challenging their custody on the grounds that their state conviction or sentence violates the United States Constitution or other federal law. Local Rule 3.3 requires that habeas corpus petitions be filed on the court-approved form. Your petition must be typewritten or legibly handwritten. All questions must be answered clearly and concisely in the appropriate space on the form. If needed, you may attach additional pages. The form, however, must be completely filled in to the extent applicable. **This form should not be used in death penalty cases.**

B. Your Signature. The petition must be signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. Your signature must be an original signature, not a photocopy.

C. The Filing Fee. Your petition for writ of habeas corpus must be accompanied by the $5.00 filing fee (checks or money orders should be made payable to the Clerk of the Court). If you are unable to pay the filing fee when the petition is filed, you may request permission to proceed *in forma pauperis* by completing and signing the Application to Proceed *In Forma Pauperis* provided with the petition form. You must have an official at the prison or jail complete the certificate at the bottom of the application form. If the amount of money in your prison account exceeds $25.00, you must pay the $5.00 filing fee. See Local Rule 3.2(a).

D. Court Divisions. If you are challenging a state judgment of conviction entered in Maricopa, Pinal, Yuma, La Paz, or Gila county, you should file your petition in the Phoenix Division of the court. If you are challenging a state judgment of conviction entered in Apache, Navajo, Coconino, Mohave, or Yavapai county, you should file your petition in the Prescott Division of the court. If you are challenging a state judgment of conviction entered in Pima, Cochise, Santa Cruz, Graham, or Greenlee county, you should file your petition in the Tucson Division of the court. See Local Rule 1.1.

You should mail THE ORIGINAL AND TWO COPIES of your petition with the $5.00 filing fee or the application to proceed *in forma pauperis* to:

| Phoenix & Prescott Divisions | | Tucson Division |
|---|---|---|
| Clerk, U.S. District Court | | Clerk, U.S. District Court |
| District of Arizona | | District of Arizona |
| U.S. Courthouse, Room 5004 | **OR** | James A. Walsh Courthouse, Room 202 |
| 230 North First Avenue | | 44 East Broadway Boulevard |
| Phoenix, Arizona  85025 | | Tucson, Arizona  85701 |

E.  Certificate of Service on Respondents.  You must furnish the respondents or their attorney with a copy of any document you submit to the court (except the initial petition and application to proceed *in forma pauperis*).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial petition and application for leave to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this ___ day of ___(month)___, _(year)_, to:
> Name: _____
> Address:_____
>       Attorney for Defendant(s)/Respondent(s)


_____
(Signature)

F.  Original and Judge's Copy.  You must file an original plus **two** copies of your petition.  After the petition is filed, you must furnish an original and **one** copy of any other document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  Exhibits.  You should attach a copy of all final state court written decisions and all written decisions by the Ninth Circuit Court of Appeals regarding the conviction you are challenging.  You should **not** submit any other exhibits with the petition.  Instead, the relevant information should be paraphrased in the petition.

H.  Change of Address.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  Amended Petition.  If you need to change any of the information in the initial petition, you must file an amended petition.  The amended petition must be written on the court-approved petition for habeas corpus form.  Local Rule 1.9(e) prohibits any amended pleading from referencing any prior pleading.  Further, any grounds not included in the amended petition are considered dismissed.

J.  Letters and Motions.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II. Completing the Habeas Corpus Petition Form:

**HEADING:**

1. _Your Name and Address_. Print your name, prison or jail inmate number, and mailing address on the lines provided in the upper left hand corner of the form.

2. _Petitioner_. Print your full name on the first line of the caption.

3. _Respondent_. Print the name of the director of the department of corrections, or the warden of the institution where you are confined, or some other official who has responsibility for your current custody.

4. _Additional Respondent_. Print the name of the state where the judgment of conviction you are challenging was entered on the blank line below the heading "THE ATTORNEY GENERAL OF THE STATE OF."

**PART A.  JUDGMENT OF CONVICTION:**

Only one state judgment of conviction may be challenged in a single petition for writ of habeas corpus.  Multiple counts which resulted in a single judgment of conviction may be challenged in the same petition for writ of habeas corpus.  If you wish to challenge more than one judgment, however, you must file separate habeas corpus petitions for each judgment.  Print all of the requested information regarding your judgment of conviction and sentence on the spaces provided.

**Part B.  APPEALS:**

Answer each of the questions regarding your direct appeals in the state courts.  If you filed appeals in the state courts, you must provide the requested information for each level of appeal on the spaces provided.  Attach a copy of all written decisions on your appeal.

**Part C.  FIRST STATE POST-CONVICTION PROCEEDINGS:**

Most states provide a specific method for challenging a conviction in the state courts after direct appeals have been completed.  In Arizona the method is a petition for post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.  Answer each of the three questions regarding any first post-conviction relief proceedings you had in the state courts.  If you sought review of your petition in the state appellate courts, you must provide the requested information for each level of appeal on the spaces provided.  Attach a copy of all written decisions on your petition and appeal.

**Part D.  SECOND STATE POST-CONVICTION PROCEEDINGS:**

Answer each of the three questions regarding any second post-conviction relief proceedings you had in the state courts.  If you sought review of your second petition in the state appellate courts, you must provide the requested information for each level of appeal on the spaces provided.  Attach a copy of all written decisions on your second petition and appeal.

**Part E.  OTHER STATE PROCEEDINGS:**

The Arizona courts normally permit a defendant to challenge his or her conviction or sentence only by filing a direct appeal or a Rule 32 petition for post-conviction relief.  There may, however, be a few very narrow exceptions that permit a challenge by filing a "special action" or a habeas corpus petition in the state courts.  Answer each of the three questions regarding any such proceedings you had in the state courts.  Attach a copy of all written decisions on these proceedings.

**Part F.  FEDERAL PROCEEDINGS:**

If this is not your first federal habeas corpus petition challenging this conviction, answer each of the seven questions regarding your prior federal petition.  If your previous federal petition was denied, you must obtain permission from the Ninth Circuit Court of Appeals before you may file a second petition in the federal courts.  If the court of appeals has granted you permission to file a successive petition, attach a copy of the court's written decision.

**Part G.  PENDING PROCEEDINGS:**

If you have an appeal, petition, or other proceedings currently pending regarding the conviction you are challenging in this petition, answer each of the three questions in the spaces provided.  Ordinarily, you may not file a federal petition for writ of habeas corpus if you have an appeal still pending in the state courts.

**Part H.  REPRESENTATION:**

Print the name of the attorney who represented you at each stage of your state court criminal proceedings.  If you represented yourself at any stage, check the box marked "Pro Se."

**Part I.  OTHER SENTENCES:**

If you have any other sentences to serve aside from the sentence imposed by the judgment you are challenging in this petition, answer each of the four questions regarding your other convictions and sentences.

**CLAIMS FOR RELIEF:**

State concisely every ground for which you claim that your conviction or sentence violates the United States Constitution or other federal law.  Your claims should not be based on state law.  Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and supporting facts.  **You must raise all grounds for relief that relate to this conviction or sentence.  Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.**

The following list of the most frequently raised grounds for relief in habeas corpus proceedings is provided for your information only.  You may raise any other federal grounds if you have exhausted all your state court remedies with respect to those grounds.

    1. Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge or the consequences of the plea.

2. Conviction obtained by use of a coerced confession.

3. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure (where the state did not provide a full and fair hearing on the Fourth Amendment claim).

4. Conviction obtained by use of evidence gained pursuant to an unlawful arrest (where the state did not provide a full and fair hearing on the Fourth Amendment claim).

5. Conviction obtained by a violation of the privilege against self-incrimination.

6. Conviction obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant.

7. Conviction obtained by a violation of the protection against double jeopardy.

8. Conviction obtained by action of a grand or petit jury which was unconstitutionally selected or impaneled.

9. Denial of effective assistance of trial counsel or counsel on direct appeal in the state courts.

10. Denial of right of appeal.

**Parts G-M GROUNDS:**

The form includes space for only four grounds. If you are alleging more than four grounds, answer all of the questions for each additional ground on a separate page.

1. You must identify which constitutional right or other federal law was violated. **You may allege the violation of only one federal right per ground.** Your claim should not be based on state law.

2. Supporting facts. After you have identified which federal right was violated, you need to state the supporting facts. Be as specific as possible. Tell your story briefly without citing cases or law.

3. Exhaustion. **In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court. If you did not fairly present each of your grounds to the state's highest court, your petition may be dismissed.** If you did not present one or more of your grounds to the state's highest court, explain why you did not.

**SIGNATURE:**

You must sign your name and print the date you signed the petition. Your signature must be an original signature, not a photocopy. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

**FINAL NOTE**

You should follow these instructions carefully. Failure to do so may result in your petition being stricken or dismissed by the court. All questions must be answered concisely in the proper space on the form. If needed, you may attach additional pages. The form, however, must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

---

Name and Prisoner/Booking Number

---

Place of Confinement

---

Mailing Address

---

City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Petitioner)                    )
                           Petitioner,        )
                                              )
        vs.                                   )   CASE NO. _____
                                              )           (To be supplied by the Clerk)
_____, )
(Name of Warden, Superintendent, Jailor or    )
authorized person having custody of Petitioner) )
                                              )   **PETITION FOR WRIT OF HABEAS CORPUS**
                           Respondent,        )   **BY A PERSON IN STATE CUSTODY**
                        and                   )   **PURSUANT TO 28 U.S.C. § 2254**
THE ATTORNEY GENERAL OF THE STATE OF )            **(NON-DEATH PENALTY)**
                                              )
_____,                      )
                           Additional Respondent. )
_____)

## A. JUDGMENT OF CONVICTION

1.  Name and location of court which entered the judgment of conviction you are challenging: _____
    _____
2.  Case Number: _____
3.  Date of judgment of conviction: _____ (month/day/year)
4.  Length and terms of sentence(s): _____
5.  Nature of offense(s) of which you were convicted (all counts): _____
    _____

6.  What was your plea?          ☐ Guilty      ☐ Not guilty      ☐ Nolo contendere
7.  Kind of trial:               ☐ Jury        ☐ Judge only
8.  Did you testify at the trial?  ☐ Yes       ☐ No

**530**

## B. APPEALS

1. Did you appeal the conviction or sentence?　　　　　☐ Yes　　☐ No
   If you did appeal, answer the following:
   a. Name of court: _____
   b. Date the appeal was filed: _____ (month/day/year)
   c. Result: _____
   d. Date the appeal was decided: _____ (month/day/year)
   e. Date the mandate was issued: _____ (month/day/year)

2. Did you seek review of your appeal in the state supreme court?　☐ Yes　　☐ No
   If you did file a petition for review, answer the following:
   a. Date the petition was filed: _____ (month/day/year)
   b. Result: _____
   c. Date the petition was decided: _____ (month/day/year)
   d. Date the mandate was issued: _____ (month/day/year)

## C. FIRST STATE POST-CONVICTION PROCEEDINGS

1. Did you file a petition for post-conviction relief in the state court?　☐ Yes　　☐ No
   If you did file a petition for post-conviction relief, answer the following:
   a. Name of court: _____
   b. Date the notice of post-conviction relief was filed: _____ (month/day/year)
   c. Date the petition was filed: _____ (month/day/year)
   d. Result: _____
   e. Date the petition was decided: _____ (month/day/year)

2. Did you seek review of your first petition in the court of appeals?　☐ Yes　　☐ No
   If you did file a petition for review, answer the following:
   a. Date the petition was filed: _____ (month/day/year)
   b. Result: _____
   c. Date the petition was decided: _____ (month/day/year)
   d. Date the mandate was issued: _____ (month/day/year)

3. Did you seek review of your first petition in the state supreme court?　☐ Yes　　☐ No
   If you did file a petition for review, answer the following:
   a. Date the petition was filed: _____ (month/day/year)
   b. Result: _____
   c. Date the petition was decided: _____ (month/day/year)
   d. Date the mandate was issued: _____ (month/day/year)

## D. SECOND STATE POST-CONVICTION PROCEEDINGS

1. Did you file a second petition for post-conviction relief in the state court?　☐ Yes　　☐ No
   If you did file a second petition for post-conviction relief, answer the following:
   a. Name of court: _____
   b. Date the notice of post-conviction relief was filed: _____ (month/day/year)
   c. Date the petition was filed: _____ (month/day/year)
   d. Result: _____
   e. Date the petition was decided: _____ (month/day/year)

2.  Did you seek review of your second petition in the court of appeals?  ☐ Yes      ☐ No
    If you did file a petition for review, answer the following:
    a.  Date the petition was filed: _____ (month/day/year)
    b.  Result: _____
    c.  Date the petition was decided: _____ (month/day/year)
    d.  Date the mandate was issued: _____ (month/day/year)
3.  Did you seek review of your second petition in the state supreme court?  ☐ Yes      ☐ No
    If you did file a petition for review, answer the following:
    a.  Date the petition was filed: _____ (month/day/year)
    b.  Result: _____
    c.  Date the petition was decided: _____ (month/day/year)
    d.  Date the mandate was issued: _____ (month/day/year)

## E.  OTHER STATE PROCEEDINGS

1.  Did you seek review of your conviction in any other state proceeding?  ☐ Yes      ☐ No
    If you did challenge your conviction in some other action, answer the following:
    a.  Nature of the action: _____ (e.g., special action, habeas corpus, etc.)
    b.  Name of court: _____
    c.  Date the action was filed: _____ (month/day/year)
    d.  Result: _____
    e.  Date the action was decided: _____ (month/day/year)
2.  Did you seek review of the other action in the court of appeals?      ☐ Yes      ☐ No
    If you did file a petition for review, answer the following:
    a.  Result: _____
    b.  Date the petition was decided: _____ (month/day/year)
3.  Did you seek review of the other action in the state supreme court?  ☐ Yes      ☐ No
    If you did file a petition for review, answer the following:
    a.  Result: _____
    b.  Date the petition was decided: _____ (month/day/year)

**Attach a copy of all state court written decisions regarding your conviction or sentence**

## F.  FEDERAL PROCEEDINGS

    Is this your first federal petition for writ of habeas corpus challenging this conviction? ☐ Yes      ☐ No
    If this is <u>not</u> your first federal petition challenging this conviction, answer the following:
1.  Name of court where the prior petition was filed: _____
2.  Date the petition was filed: _____ (month/day/year)
3.  Case number of the prior action: _____
4.  Date the action was decided: _____ (month/day/year)
5.  Did you raise any of the issues in this petition in your prior petition?      ☐ Yes      ☐ No
6.  Was the prior petition ☐ Granted, ☐ Denied on the merits, or ☐ Denied on procedural grounds?
7.  If the prior petition was denied, has the Ninth Circuit Court of Appeals granted permission to file this successive petition?                                    ☐ Yes      ☐ No
    **Attach a copy of all Ninth Circuit Court of Appeals written decisions**

3

## G.  PENDING PROCEEDINGS

Do you have any appeal, petition, application, motion or other action currently pending regarding the conviction you are challenging in this petition?                                          ☐ Yes          ☐ No

If you do have an action currently pending regarding your conviction, answer the following:

1.   Nature of the action: _____ (e.g., appeal, special action,  habeas corpus, etc.)

2.   Name of court where the action is pending: _____

3.   Date the action was filed: _____ (month/day/year)

## H.  REPRESENTATION

Who was the attorney who represented you in the following state court proceedings?  Identify whether the attorney was appointed, retained, or whether you represented yourself pro se (without counsel).

|   | | Name of Attorney | Appointed | Retained | Pro Se |
|---|---|---|---|---|---|
| 1. | Preliminary hearing: _____ | | ☐ | ☐ | ☐ |
| 2. | Arraignment and plea: _____ | | ☐ | ☐ | ☐ |
| 3. | Trial/guilty plea: _____ | | ☐ | ☐ | ☐ |
| 4. | Sentencing: _____ | | ☐ | ☐ | ☐ |
| 5. | Direct appeal: _____ | | ☐ | ☐ | ☐ |
| 6. | First post-conviction petition:_____ | | ☐ | ☐ | ☐ |
| 7. | Second post-conviction petition:_____ | | ☐ | ☐ | ☐ |

## I.  OTHER SENTENCES

Do you have any other sentences to serve after you complete the sentence imposed by the judgment you are challenging in this petition?                                          ☐ Yes          ☐ No

If you do have other sentences to serve, answer the following:

1.   Name of the court that imposed the other sentence: _____

2.   Date of judgment of conviction: _____ (month/day/year)

3.   Length and terms of sentence: _____

4.   Have you filed or do you plan to file any petition attacking the judgment which imposed the sentence to be served in the future?                                          ☐ Yes          ☐ No

## CLAIMS FOR RELIEF

On the following pages, state concisely every ground for which you claim that your conviction or sentence violates the United States Constitution or other federal law.  Your claims should not be based on state law. Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and supporting facts.  **You must raise all grounds for relief that relate to this conviction.  Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.**

4

## J.  GROUND I

1.    My state conviction or sentence violates the following constitutional right or other federal law: _____
_____
_____


2.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Ground I.  State the facts clearly in your own words without citing cases or legal arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____


3.    **Exhaustion of state court remedies:**
    a.    Did you present the issue raised in Ground I to the state court of appeals?    __ Yes __ No
    b.    If you did present the issue the state court of appeals, was the issue presented:
        __ In a direct appeal
        __ In your first post-conviction relief proceeding
        __ In your second post-conviction relief proceeding
        __ Other: _____ (*e.g.*, special action, habeas corpus, etc.)
    c. If you did not present the issue to the state court of appeals, explain why you did not:
        _____
        _____
        _____
        _____
        _____

## K.  GROUND II

1.    My state conviction or sentence violates the following constitutional right or other federal law: _____
_____
_____

2.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Ground II.  State the facts clearly in your own words without citing cases or legal arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

3.    **Exhaustion of state court remedies:**
    a.    Did you present the issue raised in Ground II to the state court of appeals?    __ Yes __ No
    b.    If you did present the issue the state court of appeals, was the issue presented:
        __ In a direct appeal
        __ In your first post-conviction relief proceeding
        __ In your second post-conviction relief proceeding
        __ Other: _____ (*e.g.*, special action, habeas corpus, etc.)
    c. If you did not present the issue to the state court of appeals, explain why you did not: _____
_____
_____
_____
_____

6

## L. GROUND III

1.   My state conviction or sentence violates the following constitutional right or other federal law: _____
_____
_____

2.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Ground III.  State the facts clearly in your own words without citing cases or legal arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

3.   **Exhaustion of state court remedies:**
    a.   Did you present the issue raised in Ground III to the state court of appeals?   __ Yes __ No
    b.   If you did present the issue the state court of appeals, was the issue presented:
        __ In a direct appeal
        __ In your first post-conviction relief proceeding
        __ In your second post-conviction relief proceeding
        __ Other: _____ (*e.g.*, special action, habeas corpus, etc.)
    c. If you did not present the issue to the state court of appeals, explain why you did not:
        _____
        _____
        _____
        _____
        _____

## M.  GROUND IV

1.   My state conviction or sentence violates the following constitutional right or other federal law: _____
_____
_____

2.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Ground IV.  State the facts clearly in your own words without citing cases or legal arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

3.   **Exhaustion of state court remedies:**
   a.   Did you present the issue raised in Ground IV to the state court of appeals?   __ Yes __ No
   b.   If you did present the issue the state court of appeals, was the issue presented:
        __ In a direct appeal
        __ In your first post-conviction relief proceeding
        __ In your second post-conviction relief proceeding
        __ Other: _____ (*e.g.*, special action, habeas corpus, etc.)
   c. If you did not present the issue to the state court of appeals, explain why you did not:
        _____
        _____
        _____
        _____
        _____

**WHEREFORE,** Petitioner prays that the court will grant Petitioner the relief to which he may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on _____          _____
                            DATE                                    SIGNATURE OF PETITIONER



_____
(Name and title of paralegal, legal assistant or
other person who helped prepare this petition)



_____
(Signature of attorney, if any)


_____
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If needed, you may attach additional pages. The form, however, must be completely filled in to the extent applicable.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| _____, ) | | |
| Petitioner, ) | CASE NO. _____ | |
| vs. ) | | |
| _____, ) | APPLICATION TO PROCEED | |
| Respondent(s). ) | *IN FORMA PAUPERIS* | |
| ) | BY A PRISONER | |
| | (HABEAS) | |

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently employed at the institution where you are confined?    ☐Yes    ☐No
    If "Yes," state the amount of your pay and where you work. _____
    _____
    _____

2.  Do you receive any other payments from the institution where you are confined?    ☐Yes    ☐No
    If "Yes," state the source and amount of the payments. _____
    _____
    _____

3.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                                            ☐Yes        ☐No
    If "Yes," state the sources and amounts of the income, savings, or assets. _____
    _____
    _____

I declare under penalty of perjury that the above information is true and correct.

_____                    _____
        DATE                                          SIGNATURE OF APPLICANT

CERTIFICATE OF CORRECTIONAL OFFICIAL
AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
          (Printed name of official)

The applicant's trust account balance at this institution is: $_____.

_____
DATE            AUTHORIZED SIGNATURE            TITLE/ID NUMBER            INSTITUTION

2