# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Kielsky, | ) |
| Petitioner, | ) |
| v. | ) CV 00-1343-PHX-EHC (VAM) |
| Judge Michael Morales, et al., | ) |
| Respondents. | ) **O R D E R** |

Petitioner, presently serving a term of probation, has filed with the Clerk of Court a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his April 22, 1998, conviction in the Chandler Municipal Court in actions ## 97-P-825570, 97-P-825571 and 97-P-825572. The $5.00 filing fee has been paid.

Petitioner alleges three grounds in support of his request for habeas corpus relief. Petitioner affirmatively asserts that he has presented each of these issues to the Arizona Court of Appeals. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999), *cert. denied*, 120 S.Ct.1996 (2000). Because his probation is not supervised by a probation or parole officer, Petitioner has named as Respondent the sentencing judge and the Attorney General of the State of Arizona. A review of the Petition indicates that an answer will be required.

**IT IS THEREFORE ORDERED:**

(1) That a copy of the Amended Petition and this Order be served by the Clerk of Court upon the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases;

1    (2) That Respondent answer the Amended Petition within 40 days of the date of service
2 pursuant to Rule 5, Rules Governing Section 2254 Cases. Respondent shall not file a dispositive
3 motion in place of an answer without first showing cause as to why an answer is inadequate. The
4 answer shall address the issue of exhaustion of state remedies. The answer shall fully comply with
5 the disclosure requirements of Rule 5, Rules Governing Section 2254 Cases;

6    (3) That Petitioner shall serve upon Respondent, or if appearance has been entered by
7 counsel, upon the attorney, a copy of every further pleading or other document submitted for
8 consideration by the Court. Petitioner shall include with the original document and copy, to be filed
9 with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or
10 document was mailed to Respondent or the counsel. Any paper received by a District Court Judge
11 or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the
12 Court;

13    (4) That at all times during the pendency of this action, Petitioner shall immediately advise
14 the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE
15 OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change
16 of address and its effective date. The notice shall not include any motions for any other relief.
17 Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action
18 for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

19    (5) That a clear, legible copy of every pleading or other document filed shall accompany
20 each original pleading or other document filed with the Clerk for use by the District Judge or
21 Magistrate Judge to whom the case is assigned. See Rule 1.9(f), Rules of Practice of the U.S.
22 District Court for the District of Arizona. Failure to comply with this requirement may result in the
23 pleading or document being stricken without further notice to Petitioner; and
24 * * *
25 * * *
26 * * *
27 * * *
28 * * *

(6) That this matter is referred to Magistrate Judge Virginia A. Mathis pursuant to Local Rules 1.16 and 1.17 for further proceedings.

DATED this __13__ day of __September__, 2000.

_____
Earl H. Carroll
United States District Judge