FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 1 2 2001

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL KIELSKY,<br>PETITIONER<br><br>-VS-<br><br>JUDGE MICHAEL MORALES, ET AL.,<br>RESPONDENT | CV-00-1343-PHX-EHC (JI)<br><br>REPORT & RECOMMENDATION RE<br>MOTION TO DISMISS |

## I. NATURE OF THE CASE

Petitioner, having been given a suspended sentence and probation (both now completed), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## II. MATTER UNDER CONSIDERATION

Respondents filed a "Motion to Dismiss Petition for Writ of Habeas Corpus - Violation of Statute of Limitations; Lack of Jurisdiction" [Dkts 9-1 & 9-2]. Petitioner has filed an "Opposition" [Dkt 12] and an "Amended Opposition" [Dkt 13]. No reply in support of the motion has been filed. The motion is a dispositive motion, and accordingly, this Court makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 1.17(d)(3), Local Rules of Practice.

## III. RELEVANT FACTUAL BACKGROUND

Petitioner, seeing three people outside an apartment adjacent to his own, one of them with a knife, produced a handgun, pointed it at them, and ordered them to drop the knife, and to drop to their knees. They complied, and Petitioner began yelling for someone to call 911. Two of

the three turned out to be teenagers residing in the complex, and the third was an overnight guest. The police were called and Petitioner was arrested on charges of aggravated assault and kidnapping. (Motion to Dismiss, Dkt 9, Exhibit A, Item 31, Appellant's Memorandum, at 1-2 (exhibits to the Motion to Dismiss are referenced hereinafter as "Exhibit ___"); Exhibit A, Item 36, Appellee's Memorandum at 1-4.)

## IV. RELEVANT PROCEDURAL BACKGROUND

### 1. Original Sentence

Pursuant to a Judgment dated April 22, 1998, Petitioner was convicted on three counts of misdemeanor unlawful imprisonment by the Chandler City Court, Chandler, Arizona. He was sentenced to three concurrent terms of one year's probation, and three concurrent suspended jail sentences of 21 days.[1] (Exhibit A, Item 24, Judgment and Sentence.)

### 2. Appeal to Arizona Superior Court

On April 30, 1998, Petitioner filed with the Chandler City Court a Notice of Appeal. (*Id.* at Item 25.) By a minute order dated January 20, 1999, and filed January 25, 1999, the Arizona Superior Court, Maricopa County, denied the appeal, affirmed the convictions, and remanded to the trial court. (Exhibit B at Item 39.)

### 3. Appeal to Arizona Court of Appeals

On March 15, 1999, Petitioner filed an appeal of the Arizona Superior Court's decision to the Arizona Court of Appeals, having previously had his motion for delayed appeal granted. (Exhibit A at Item 42.) By Order entered April 14, 1999, the Arizona Court of Appeals dismissed the appeal, citing a lack of jurisdiction. (Exhibit C.)

### 4. Petition for Special Action

On May 14, 1999, Petitioner filed a Petition for Special Action with the Arizona Supreme Court, seeking review of the decision of the Arizona Court of Appeals. (Opposition to Motion

---

[1] Although the judgments do not specify that the probation terms are concurrent, the Arizona Courts have held that consecutive terms of probation are unlawful. *See State v. Jones*, 124 Ariz. 24, 601 P.2d 1060 (1979).

to Dismiss, Dkt 12, Exhibit 4.) On June 18, 1999, the Arizona Supreme Court declined to accept jurisdiction over that petition. (Original Complaint, Dkt 1, Exhibits, Notice of Decision of Arizona Supreme Court.)

### 5. Re-Sentencing By Trial Court

On August 11, 1999, over the objection of Petitioner (and for reasons not clear to this Court), the municipal judge re-sentenced Petitioner to a new set of three concurrent terms of one year's probation, and three consecutive suspended sentences of 21 days.[2] (Exhibit A, Item 45, Motion to Vacate Sentencing/Motion to Continue Sentencing; Exhibits to First Amended Complaint, Dkt 3.)

### 6. Current Petition

The present Petition for Writ of Habeas Corpus was originally filed on July 14, 2000. [Dkt 1] Petitioner asserted four grounds for relief, including: (1) violation of due process by conviction without proof of an essential element of the crime; (2) violation of due process as a result of denial of a right cross examine witnesses; (3) violation of due process as a result of denial of meaningful appeal and overly broad interpretation of statutes; and (4) a violation of double jeopardy as a result of being resentenced on the same conviction.

On August 2, 2000, the Court found a lack of exhaustion, and entered an order dismissing the original petition with leave to amend within 30 days. [Dkt 2] On August 29, 2000, Petitioner filed his First Amended Petition. [Dkt 3] The amended petition re-asserts the first three grounds for relief from the original petition, adding additional constitutional references on the second and third grounds and reformulating his recitation of his claims.

A service order ensued thereafter. [Dkt 4]

### 7. Release From Custody

By an Order dated October 31, 2000, and inexplicably entered on September 27, 2000, Petitioner was released from probation. That Order purported to make the release retroactively

---

[2] This second sentencing did not include the hand written notation of the first which specified that the suspended sentences were concurrent. Under Ariz. Rev. Stat. § 13-708, contemporaneous sentences are presumed to be consecutive.

Report & Recommendation re Motion to Dismiss - CV-00-1343-PHX-EHC (JI)  Page 3 of 14

effective to August 11, 2000. (Response, Dkt 12, Exhibit 1.)

## V. APPLICABLE LAW

Respondents' Motion to Dismiss asserts that Petitioner's Petition is alternatively barred under the applicable statute of limitations, or beyond the jurisdiction of the court because Petitioner was not "in custody" at the time the petition was filed.

### A. STATUTE OF LIMITATIONS

As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. This provision, codified at 28 U.S.C. § 2244, states, in pertinent part:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In *Calderon v. United States District Court for the Northern District of California* (en banc), 128 F.3d 1283 (9th Cir. 1997), overruled on other grounds, 163 F.3d 530 (9th Cir. 1998) (real party-in-interest was Rodney Gene Beeler)(hereinafter "Beeler"), the Ninth Circuit addressed the new limitations period contained at 28 U.S.C. § 2244(d)(1). The Court noted that prior to § 2244(d)'s enactment "state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition" and that "delays of more than a decade did not necessarily bar a prisoner from seeking relief." *Beeler*, 128 F.3d at 1286.

The Court noted, however, that the provisions of § 2244(d) "dramatically changed this landscape" and a petitioner was now "required to file his habeas petition within one year of the date his process of direct review came to an end." *Id.* The Court, following other circuits, also held that the period of limitations "did not begin to run against any state prisoner prior to the statute's date of enactment" of April 24, 1996. *Beeler*, 128 F.3d at 1287. Thus, all federal habeas corpus claims concerning state court judgments finalized prior to April 24, 1996, had to be filed by April 23, 1997, or they were barred by the statute of limitations absent a showing that the circumstances surrounding the filing of the petition fell into one of the categories listed in § 2244(d)(1)(B)-(D).

### 1. Constitutionality of Limitation

In *Green v. White*, 223 F.3d 1001 (9th Cir. 2000), the Ninth Circuit rejected the claim that the statute of limitations in 28 U.S.C. § 2244 unconstitutionally suspends the writ of habeas corpus. Article I, § 9, clause 2 of the Constitution provides: "The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." The *Green* Court held that the "one-year limitation does not violate the Suspension Clause because it is not jurisdictional and may be subject to equitable tolling." *Green*, 223 F.3d at 1003-04.

### 2. Counting of Time

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of **direct review** or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

### "Direct Review" Defined

Because of its somewhat unique procedural history, caused in part by its origins in a municipal court prosecution, this case explores the contours of what constitutes "direct review" for purposes of applying the statute of limitations established in 28 U.S.C. § 2244.

It is well established in the Ninth Circuit that "direct review" includes the period within which a petitioner can file a petition for a *writ of certiorari* from the United States Supreme Court, whether or not the petitioner actually files such a petition. *See Bowen v. Roe*, 188 F.3d

1157, 1158 (9th Cir.1999). As the Eighth Circuit has said: "[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of *certiorari* proceedings before the United States Supreme Court; or (ii) if *certiorari* was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187, 119 S.Ct. 1133, 143 L.Ed.2d 126 (1999).

In reaching its decision in *Bowen*, the Ninth Circuit relied upon *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), *superseded* by statute on other grounds. In *Barefoot*, the Court noted that "appeal is the primary avenue for review of a conviction or sentence,... [w]hen the process of direct review--which, if a federal question is involved, includes the right to petition this Court for a writ of certiorari----comes to an end, a presumption of finality and legality attaches to the conviction and sentence."

"Direct review" may be contrasted with "collateral attack". "'A collateral attack upon a judgment has been defined to mean any proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void ab initio.'" *Edward Thompson Co. v. Thomas*, 49 F.2d 500 (App.D.C. 1931), quoting 15 R.C.L. 838, Sec. 311. Thus, in *Glenn v. Rich*, 106 Utah 232, 147 P.2d 849, 152 A.L.R. 1241 (1944), the Utah Supreme Court noted that an attack is a "collateral one [where] it is a denial of the legal and binding effect of a judgment in a proceeding not instituted for the purpose of annulling or changing it." *Id.* 147 P.2d at 851.

Conversely, an action in the nature of a petition for a *writ of certiorari* is an action whose purpose is the annulling or changing of a judgment, and has been held to be a matter of direct review. *See* 47 Am. Jur. 2d Judgments § 907 (1995). Thus, a petition for a *writ of certiorari* has routinely been held part of direct review. In contrast, the court in *Noonan v. Montgomery*, 24 Ariz. 311, 209 P. 302, 25 A.L.R. 1251 (1922), held that a petition for a writ of mandamus seeking an order preventing the sheriff from enforcing a judgment was a collateral attack on the judgment.

## "Direct Review" In Arizona

In Arizona, a person convicted in a municipal court can appeal that conviction to the Arizona Superior Court. Ariz. Rev. St. § 22-371. The right to further appeal from the decision of the Superior Court is limited, however. Ariz. Rev. Stat. § 22-375 establishes the limits of appeals from appellate decisions of the Arizona Superior Court.

> A. An appeal may be taken by the defendant, this state or any of its political subdivisions from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute.
> B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court.

Similarly, Article 6, Section 5 of the Arizona Constitution limits the non-discretionary jurisdiction of the Arizona Supreme Court over appeals from non-record courts like municipal courts..

> The Supreme Court shall have:
> * * *
> 3. Appellate jurisdiction in all actions and proceedings except civil and criminal actions originating in courts not of record, unless the action involves the validity of a tax, impost, assessment, toll, statute or municipal ordinance.
> 4. Power to issue injunctions and writs of mandamus, review, prohibition, habeas corpus, certiorari, and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction.

While these provisions limit the non-discretionary jurisdiction of the Arizona courts, they do not preclude those courts from exercising discretionary jurisdiction in the nature of a special action. *See State v. Jones ex rel. County of Maricopa*, 198 Ariz. 18, 6 P.3d 323 (Ariz.App. 2000) (granting review in the Arizona Court of Appeals in a special action appealing a justice court conviction); *State ex rel. McDougall v. Strohson*, 190 Ariz. 120, 945 P.2d 1251 (1997) (granting review in the Arizona Supreme Court in a special action appealing from a municipal court decision).

Arizona has adopted the "petition for special action" to replace a variety of common law proceedings, including *writs of certiorari* (other than those attacking the jurisdiction of the inferior court). 17B Ariz. Rev. Stat., Special Actions, Rules of Proc., Rule 1; Ariz. Rev. Stat. § 12-2001 (providing for a statutory petition for *writ of certiorari* for jurisdictional attacks).

Accordingly, an Arizona petition for special action that attacks a judgment (even on grounds other than lack of jurisdiction) may be properly recognized as the equivalent of a petition for a *writ of certiorari*.

As noted above, a petition for a *writ of certiorari* is treated as part of the process of direct review. Therefor, an Arizona petition for special action attacking the validity of an Arizona Court of Appeals decision, and the judgment that decision upholds, is part of the "direct review" of the underlying judgment.

Time for Petition for Writ of Certiorari

As noted above, the habeas statute of limitations begins to run upon the conclusion of direct review. "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen, supra.* Rule 13, Rules of the Supreme Court of the United States, establishes the time limit for filing a petition for a *writ of certiorari*.

> Unless otherwise provided by law, a petition for a writ of certiorari . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

Accordingly, assuming a petition for a *writ of certiorari* is **not** filed, the statute of limitations expires 90 days after entry of an order denying discretionary review. In such an instance, because an Arizona petition for special action to the Arizona Supreme Court is a "discretionary review by the state court of last resort", the time for filing a petition for a *writ of certiorari* with the United States Supreme Court does not expire until 90 days after denial of review of that petition.

2. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending". 28 U.S.C. § 2244(d)(2). This statutory tolling applies during the entire time during which the application is pending, including interludes between various stages of appeal on the application. The "AEDPA statute of limitations [is] tolled for 'all of the time

during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.' " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir.1999)).

## B. RELATION BACK OF AMENDED PETITIONS

The present Petition for Writ of Habeas Corpus was originally filed on July 14, 2000. [Dkt 1] On August 2, 2000, the Court entered an order dismissing the original petition with leave to amend within 30 days. [Dkt 2] On August 29, 2000, Petitioner filed his First Amended Petition. [Dkt 3] If the First Amended Petition does not relate back to the time of filing the original Petition, then the petition may be barred under the statute of limitations.

Applications for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Similarly, Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules."

Rule 15(c), Federal Rules of Civil Procedure provides that an "amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." "The central policy of Rule 15(c)--ensuring that the non-moving party has sufficient notice of the facts and claims giving rise to the proposed amendment" is satisfied where the claims in the amended petition were included in the original petition. *Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000).

## C. "IN CUSTODY" REQUIREMENT FOR JURISDICTION

Respondents argue that Petitioner was not "in custody" at the time he filed his Petition, and that this Court therefor lacks jurisdiction to hear Petitioner's Petition.

In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court summarized the law on the "in custody" requirement:

> The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a).

> We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968).
>
> * * *
>
> Our interpretation of the "in custody" language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus.. In *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), for example, we held that a prisoner who had been placed on parole was still "in custody" under his unexpired sentence. ...We have never held, however, that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed.

*Maleng*, 490 U.S. at 490-92, 109 S.Ct. at 1925-26.

Accordingly, in *U.S. v. Spawr Optical Research, Inc.*, 864 F.2d 1467 (9th Cir. 1988), the Ninth Circuit held that a petitioner serving a term of probation was "in custody." Similarly, a petitioner subject to a "suspended sentence" is "in custody." *Sammons v. Rodgers*, 785 F.2d 1343 (5th Cir. 1986).

## VI. APPLICATION OF LAW TO FACTS

Respondents assert that Petitioner's Petition must be dismissed because it is alternatively barred by the statute of limitations, or outside this Court's jurisdiction because Petitioner was not "in custody" at the time his Petition was filed.

## A. STATUTE OF LIMITATIONS

Under 28 U.S.C. § 2244, Petitioner was entitled to file his Petition for Writ of Habeas Corpus within one year of the conclusion of "direct review." *Smith v. Bowersox, supra*, 159 F.3d 345.

### 1. Appeal to Arizona Court of Appeals Part of "Direct Review"

Although the Arizona Court of Appeals ultimately determined that Petitioner had failed to state a cognizable basis for review, that court did provide direct review of Petitioner's conviction.

Respondents cite *Adeline v. Stinson*, 206 F.3d 249 (2nd Cir. 2000) to establish that Petitioner's ineffective appeal did not delay the running of the statute of limitations. *Adeline*, however, addressed issues of tolling, not of commencement of an action. Further, that decision

was rendered on March 14, 2000, before the landmark decision *Artuz v. Bennett*, ---U.S.---, 121 S.Ct. 361, 148 L.Ed.2d 213, 2000 WL 1663653 (U.S.N.Y. Nov 07, 2000). In *Artuz*, the Court used a broad brush to repaint the lines of what constituted a "properly filed" petition for collateral attack, for purposes of tolling the statute. Accordingly, even if *Adeline* were not clearly distinguishable, its holding is in question in light of *Artuz*. Likewise, *Tinker v. Hanks*, 172 F.3d 990 (7th Cir. 1999), also relied upon by Respondents, is inapposite. It too is a "tolling" case, and was decided prior to *Artuz*.[3]

## 2. Petition for Special Action to Arizona Supreme Court Part of "Direct Review"

In addition, the Arizona Supreme Court's exercise of its discretion to refuse to hear Petitioner's Petition for Special Action directly attacking the Arizona Court of Appeal's decision was part of the "direct review" process. Petitioner was not entitled to a non-discretionary appeal of the Arizona Court of Appeals decision. Ariz. Const., Art. 6, § 5. His petition for special action was effectively a petition for a *writ of certiorari*. 17B Ariz. Rev. Stat., Special Actions, Rules of Proc., Rule 1. As such, it was Petitioner's only means to directly challenge the Court of Appeals affirmation of his conviction, and was therefor part of the "direct review" process.

## 3. End of Time for Federal Certiorari Commenced Running of Statute of Limitations

The Arizona Supreme Court's refusal, on June 18, 1999, to entertain Petitioner's special action petition, was the denial of "discretionary review by the state court of last resort", and commenced the running of the time for Petitioner to file a petition for a *writ of certiorari* with the United States Supreme Court. Rule 13, Rules of the Supreme Court of the United States.

Because a petition for a *writ of certiorari* was **not** filed, the statute of limitations began running 90 days after entry of the state court's order denying discretionary review. *Id.* Therefor, Petitioner's one year began running on September 17, 1999, and (ignoring any tolling arguments) expired one year later.

## 4. Conclusion: Petitioner's Petition Was Timely

Petitioner filed his original Petition on July 14, 2000, over two months before the

---

[3] Respondents also rely on a variety of other pre-*Artuz* cases to argue Petitioner is not entitled to tolling. Because the Court concludes that Petitioner's Petition was filed within the statute without tolling, the Court does not address those arguments.

Report & Recommendation re Motion to Dismiss - CV-00-1343-PHX-EHC (JI)　　　　　Page 11 of 14

expiration of the statute of limitations, and filed his First Amended Petition on August 29, 2000, some 18 days before the expiration.

Moreover, because the First Amended Petition was essentially just a reformulation of the original petition, it "relates back" to the time of the original Petition, and therefor is treated as having been filed on July 14, 2000. *Anthony v. Cambra, supra*, 236 F.3d 568.

Therefor, Petitioner's petition was timely, and Respondent's Motion to Dismiss based upon the statute of limitations [Dkt 9-1] should be denied.

## B. JURISDICTION

Respondents assert that this Court lacks jurisdiction to entertain the Petitioner's petition because Petitioner was not "in custody" at the time his Petition was filed. It is true that, by its terms, Petitioner's original, May 13, 1998 sentence to three, concurrent, one year terms of probation should have expired before his Petition was filed on July 14, 2000. (Exhibit A, Item 24.) But, not only was Petitioner never released from probation, he was in fact resentenced on August 11, 1999 to another set of three concurrent one year terms of probation, and another set of 21 day suspended sentences. (Response, Dkt 12, Exhibit 1.)

For purposes of determining habeas jurisdiction, the relevant inquiry is whether the Petitioner was " 'in custody' under the <u>conviction or sentence</u> under attack at the time his petition is filed." *Maleng v. Cook, supra*, 490 U.S. at 490-92, 109 S.Ct. at 1925-26, emphasis added. Even if it were assumed that Petitioner's original sentence had expired on April 21, 1999 (one year after his conviction) as originally scheduled, he was resentenced to probation on the same conviction on August 11, 1999.[4] The fact that the extended sentence may have been voidable as a violation of state law or of the double jeopardy clause does not eradicate the fact that the sentence was in place.

Similarly, the Court must reject the argument that Petitioner cannot now rely on the resentencing to establish habeas jurisdiction because he objected to the imposition of that sentence. (Motion to Dismiss, Dkt 9 at 7.) Carried to its logical conclusion, this argument

---

[4] Under Arizona law, probation terms are not necessarily completed at the end of the original term. For example, a term of probation is subject to extensions during its term, either *sua sponte*, for failure to make restitution, or for violations of conditions of probation. Ariz. Rev. Stat. § 13-901 and -903. Further, the running of the term of probation is tolled during absence from the jurisdiction, and during pendency of revocation proceedings. Ariz. Rev. Stat. § 13-903.

would mean that no habeas petition could ever be filed, unless the Petitioner had failed to make any objection at trial. Given the requirements for exhaustion of state remedies, such a position would effectively eradicate habeas corpus jurisprudence for state prisoners.

Petitioner was not released from probation until sometime well after his July 14, 2000 Petition and his August 29, 2000 First Amended Petition. Even if it is assumed that for purposes of the "in custody" requirement that Petitioner's release was effective as of August 11, 2000 (as the trial court's order relates), Petitioner's First Amended Petition would relate back to the time of filing his original Petition, since the amended petition "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Rule 15(c), Federal Rules of Civil Procedure; *Anthony v. Cambra, supra*, 236 F.3d 568.

Accordingly, it is clear that Petitioner was on probation at the time his petition was filed. For purposes of establishing federal habeas jurisdiction under 28 U.S.C. § 2241(c)(3), an unexpired sentence of probation constitutes being "in custody". *U.S. v. Spawr Optical Research, Inc., supra*, 864 F.2d 1467. Therefor, this Court has jurisdiction to hear Petitioner's federal habeas corpus petition.

Respondent's Motion to Dismiss on the basis of a lack of jurisdiction [Dkt 9-2] must also be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Respondents' "Motion to Dismiss Petition for Writ of Habeas Corpus - Violation of Statute of Limitations; Lack of Jurisdiction" [Dkts 9-1 & 9-2] be denied, and that Respondents be ordered to file a response to Petitioner's First Amended Petition for Writ of Habeas Corpus [Dkt 3].

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure*, the parties shall have ten

1 | (10) days from the date of service of a copy of this recommendation within which to file specific
2 | written objections with the Court. Thereafter, the parties have ten (10) days within which to
3 | file a response to the objections. Failure to timely file objections to any factual determinations
4 | of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of
5 | the factual issues and will constitute a waiver of a party's right to appellate review of the findings
   | of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED: March 7, 2001

_____
JAY R. IRWIN
United States Magistrate Judge