FILED ___ LODGED
___ RECEIVED ___ COPY

OCT 1 7 2001

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Kielsky,<br>Petitioner<br><br>-vs-<br><br>Michael Morales, et al.,<br>Respondent(s) | CV-00-1343-PHX-EHC (JI)<br><br>ORDER RE REPLY |

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On September 27, 2001, Respondents filed an Answer (#21), relying on a procedural default as a basis for denying Petitioner's petition. While a Reply (or traverse) is not contemplated under the Rules Governing Section 2254 Cases, see Advisory Committee Note to Rule 5, for the following reasons, the Court will grant Petitioner an opportunity to file a Reply.

## EXHAUSTION REQUIREMENT

Respondents assert that Petitioner's claims must fail because he failed to exhaust his state court remedies on those claims.

Generally, a federal court has authority to review a federal constitutional claim presented by a state prisoner only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)(per curiam); *McQueary v. Blodgett*, 924 F.2d

829, 833 (9th Cir. 1991); 28 U.S.C. § 2254. Accordingly, when seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. Dismissal of the petition is proper when the record does not show that the exhaustion requirement is met. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(per curiam), *cert. denied*, 455 U.S. 1023 (1982).

As an alternative to presenting his claims to the highest state court, a petitioner can satisfy the exhaustion requirement by demonstrating that no state remedies remained available at the time the federal habeas petition was filed. *Engle v. Isaac*, 456 U.S. 107, 125 (n. 28)(1982); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). If, however, the procedural bar is of the petitioner's own making, then he may be precluded from seeking habeas relief.

> If state remedies are not available because the petitioner failed to comply with state procedures and thereby prevented the highest state court from reaching the merits of his claim, then a federal court may refuse to reach the merits of that claim as a matter of comity.

*Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988). This failure to comply with reasonable state procedures is usually characterized as "procedural default". When a petitioner has "procedurally defaulted", his claim is barred absent a showing of "cause and prejudice" sufficient to excuse the default.[1] *Reed v. Ross*, 468 U.S. 1, 11 (1984); *Wainwright v. Sykes*, 433 U.S. 72, 90-91 (1977); *see also Teague v. Lane*, 489 U.S. 288, 298 (1989); *Tacho v. Martinez*, 862 F.2d 1376, 1380 (9th Cir. 1988).

"**Cause**" - "Cause" is the legitimate excuse for the default. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon*, 894 F.2d at 1274 (quoting *Reed*, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

---

[1] Appellate defaults are examined under the same standards that apply when a defendant fails to preserve a claim during trial. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, (citation omitted), or that "some interference by officials", (citation omitted), made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Harmon*, 894 F.2d at 1275; and *Allen v. Risley*, 817 F.2d 68, 69 (9th Cir. 1987).

**"Prejudice"** - "Prejudice" is actual harm resulting from the alleged constitutional violation. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). Establishing prejudice requires showing "not merely that the errors of [petitioner's] trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816(1982).

**"Actual Innocence"** - The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances. *Hughes*, 800 F.2d at 909. Failure to establish cause may be excused under exceptional circumstances. For instance:

> ... in an extraordinary case, where a constitutional violation has probably resulted in the conviction of **one who is actually innocent**, a federal habeas court may grant the writ even in the absence of showing cause for the procedural default.

*Murray v. Carrier*, 477 U.S. at 496, emphasis added.

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show that no reasonable juror would have found the defendant guilty. *Id.* 513 U.S. at 329, 115 S.Ct. At 868.

**"Independent and Adequate" Procedural Bar** - Federal habeas review of a defaulted federal claim is precluded for procedural default only when the state court has or would dispose of the claim on a procedural ground "that is both 'independent' of the merits of

the federal claim and an 'adequate' basis for the court's decision." *Harris*, 109 S.Ct. at 1042-43. A state procedural default ruling is not independent if application of the bar depends on an antecedent ruling on the merits of the federal claim. See *Ake*, 470 U.S. at 74-75, 105 S.Ct. at 1091-92. Moreover, a state's application of the bar is not adequate unless it is " 'strictly or regularly followed.' " *Johnson v. Mississippi*, 486 U.S. 578, 108 S.Ct. 1981, 1987, 100 L.Ed.2d 575 (1988) (citation omitted) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982)).

Respondents may rely on Arizona's preclusion rule, Ariz.R.Crim.P. 32.2, as establishing the procedural bar which would prevent Petitioner from now seeking state review, and consequently requiring denial of his claims as procedurally defaulted, and not dismissal without prejudice as unexhausted. However, in the recent case of *Smith v. Stewart*, 241 F.3d 1191 (9th Cir. 2001), the Ninth Circuit found that Rule 32.2 was not "independent" of federal law because it's application required consideration of the merits of the claim.

Alternatively, Respondents may rely on the time limits of Ariz.R.Crim.P. 32.4(a), which requires that a notices of post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." However, it appears to the Court that this rule may bar Petitioner from now seeking state review. Rule 32.4(a) does not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h), which are described as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or

used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact- finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

These exceptions might preclude Rule 32.4(a) from being found to be an "independent" procedural bar.

## EFFECT OF FAILURE TO EXHAUST

Ordinarily, in the absence of procedural default, dismissal of the petition is proper when the record does not show that the exhaustion requirement is met. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(per curiam), *cert. denied*, 455 U.S. 1023 (1982). In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court adopted a rule of "total exhaustion" and directed that "a district court must dismiss 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* at 510.

## LEAVE TO FILE REPLY

It appears that Petitioner's state remedies may have not been exhausted and may have been procedurally defaulted. Petitioner should have an opportunity to establish (1) whether his claims are procedurally defaulted, (2) whether any applicable procedural bars are "independent and adequate", and (3) whether Petitioner can show "cause and prejudice" or "actual innocence" to excuse such procedural default. *Boyd v. Thompson*, 147

F.3d 1124 (9th Cir. 1998).

Petitioner is cautioned that failure to respond on these issues may result in his petition being denied.

**IT IS THEREFOR ORDERED** that Petitioner shall have until November 16, 2001, within which to file a Reply which replies to the legal and factual issues raised in the Supplemental Answer. Such Reply shall NOT be deemed an opportunity to amend Petitioner's petition, nor to supplement it with additional substantive grounds for relief. In the event that Petitioner believes some or all of his claims are unexhausted and not procedurally defaulted, Petitioner shall advise the Court whether he would prefer to (1) have his Petition dismissed, or (2) amend his Petition to delete the unexhausted claims.

DATED: October 4, 2001

_____
JAY R. IRWIN
United States Magistrate Judge